MICHAEL BAILEY
United States Attorney
District of Arizona
LORI L. PRICE
Assistant U.S. Attorney
State Bar No. 025698
Financial Litigation Unit
United States Courthouse
405 W. Congress Street, Suite 4900
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: lori.price@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  vs.<br><br>Peter Pierides,<br><br>    Defendant. | CR 98-001169-TUC-JGZ<br><br>**THE GOVERNMENT'S RESPONSE TO THE DEFENDANTS' OPPOSITION TO DISBURSEMENT OF SEIZED FUNDS (Doc. 101)** |

Plaintiff, United States of America, by and through its undersigned attorneys, responds to the defendant-debtor's opposition to disbursement of seized funds. (Doc. 101). The government first notes that the assigned AUSA has been in contact with defendant-debtor's attorney and the attorney for the defendant-debtor's wife. The parties are close to reaching settlement as to the two garnishments at issue. If the terms are finalized, the parties will notify the court and file the appropriate motions/notices to effectuate the parties' agreement prior to the status conference set for next Tuesday, January 14, 2020.

If settlement cannot be reached, the government requests a final 60-day extension of time to conduct discovery before the Court adjudicates the defendant's opposition to disbursement of seized funds motion. The government requests this final extension of time because additional discovery will be necessary to resolve ownership of the investment accounts based on information provided by the defendant-debtor's wife. If settlement is

not reached, the defendant-debtor and his wife have no objection to continuing the resolution for 60 days to conduct additional discovery.

**Background**

In May 2001, the defendant-debtor, Peter Pierides, was convicted of various crimes for his role in defrauding the Pascua Yaqui Tribe of more than $1.8 million dollars while working as its Director of Finance. (Doc. 71). For his crimes, he was sentenced to five years in custody followed by three years of supervised release. (*Id*.). At the time of his sentencing, he was living with and engaged to Vicki Treese, whom he had dated since 1996. (Presentence Report dated May 8, 2001 (PSR) ¶ 55). Of note, the defendant-debtor engaged in the fraudulent conspiracy between November 1995 through sometime in 1996. (PSR ¶ 4). Ms. Treese and the defendant-debtor subsequently married on June 14, 2009. (Doc. 101, p. 3).

At the defendant-debtor's sentencing, the Court imposed restitution, to be paid joint and severally with the co-defendants, in the amount of $1,815,728.00. (Doc. 71). The remaining balance owed is substantial. Since his release from custody in September 2004, the defendant-debtor Peter Pierides has paid less than $3000 toward restitution. In fact, the defendant-debtor has not made a payment toward restitution since his tax return was subject to the Treasury Offset Program in 2014. Prior to that, the defendant-debtor had not made a payment since 2007, when he was paying $25 per month while on supervised release.

In its efforts to collect the outstanding restitution for payment to the victim, in August 2018, the government filed applications for writs of garnishment of two investment accounts in the name of the defendant-debtor, Peter Pierides. (Docs. 86, 87). At the time the garnishees answered the writs, the Merrill Lynch account had approximately $35,000 in funds and the Vantage West account had approximately $58,000 in funds. (Docs. 99, 92). The government also served the defendant-debtor with notice and copies of the writs of garnishment on September 4, 2018 and September 27, 2018. (Docs. 90, 91, 96).

The defendant-debtor filed his opposition motion on December 3, 2018. (Doc. 101). The focus of the defendant-debtor's motion is a request that any tax liabilities he may incur

as a result of the garnishments be withheld from the garnishments for payment to the IRS so that the defendant-debtor does not have to pay any liabilities from other funds. (Doc. 101, pp. 2-3). Through the defendant-debtor's opposition motion and communications with defense, the government became aware that the defendant-debtor's wife, Vicki Treese, intended to make a claim as to ownership of the investment accounts. Since December 2018, the parties have filed motions to extend time so that they could work to resolve the matter without court intervention. (Docs. 103, 105, 107, 110). If the case is not resolved with settlement, there are matters outstanding that would benefit from discovery.

**Law**

The defendant-debtor owes restitution pursuant to the Mandatory Victims Restitution Act ("MVPA"), which makes restitution mandatory for certain crimes, including the crimes of conviction in this case. *See* 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii). Pursuant to the MVRA, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the Federal Debt Collection Procedures Act (FDCPA). *United States v. Mays,* 430 F.3d 963, 965, n.2 (9th Cir. 2005) (FDCPA applies to United States' collection of criminal restitution debts under MVRA). The FDCPA sets forth the "exclusive civil procedures for the United States ... to recover a judgment on ... an amount that is owing to the United States on account of ... restitution." *Id.* at 965. The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Property is defined under the FDCPA to include, in relevant part, "any present or future interest, whether legal or equitable, in real, personal ..., or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust ...)[.]" 28 U.S.C. § 3002(12).

In this case, the defendant-debtor's interests in the two IRA accounts held in the

custody of the garnishees are property as defined under the FDCPA and are therefore subject to garnishment. *See* 28 U.S.C. §§ 3002(12), 3205(a). While the defendant-debtor's wife has not filed a pleading in the criminal case, she has informally asserted to the government that she also has an interest in these accounts.

**Ownership of the Two IRA Accounts**

The FDCPA provides that co-owned property is subject to garnishment under 28 U.S.C. § 3205 to the same extent co-owned property is subject to garnishment under the law of the State in which the property is located. 28 U.S.C. § 3205(a). Here, the two IRA accounts are located in Arizona.

Under Arizona law, the community property of a married couple is liable for the premarital separate debts or other liabilities of either spouse, "but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single." A.R.S. § 25-215(B). The defendant was sentenced on May 25, 2001. (Doc. 71). While he and his now wife, Vicki Treese, were engaged to be married, at the time they were not married and the restitution judgment was the defendant-debtor's sole obligation. The defendant-debtor married Vicki Treese on June 14, 2009. (Doc. 101, p. 3). At that point, the debt became community property to the extent of the defendant-debtor's contribution to the community property, which would have been his separate property if he was single.

*The Defendant-Debtor's Merrill Lynch Edge IRA Would Be His Separate Property If He Was Single; Thus, It Is Subject To Garnishment*

The defendant-debtor's wife claims she has a community property interest in this IRA account, which she states derives from the defendant-debtor's employment from 2006 through 2012. Based on the representations of the defendant-debtor's wife, this account began as the defendant's separate property as he acquired it and funded it prior to his marriage. It may be that contributions during marriage could be characterized as community property. Whether this account is characterized as the defendant-debtor's separate property or community property, this account is subject to garnishment. Had the

defendant-debtor not been married, his IRA account from his employment would have been his separate property and thus, under the community property law of Arizona it is subject to garnishment. A.R.S. § 25-215(B); *see also United States v. Novak*, 476 F.3d 1041, 1043 (9th Cir. 2007) ("[W]e conclude that criminal restitution orders can be enforced by garnishing retirement funds, but with the funds only payable when the defendant has a current, unilateral right to receive payments under the terms of the retirement plan.").

*More Discovery Is Necessary To Determine Whether The Defendant-Debtor's Vantage West IRA Account Is Subject To Garnishment*

The defendant-debtor's wife claims this account is her separate property as she allegedly funded this account with money from separate property that she sold. To support this claim, the defendant-debtor's wife has provided some documentation showing a little more than half of the deposits into this IRA account originated from a Vantage West savings account that is in her name only. No information was provided to show who made deposits into that account. It appears the IRA account was opened in 2009, the year the defendant-debtor and Vicki Treese were married. The account is in the defendant-debtor's name individually.

Under Arizona law, the presumption is that all property acquired by either spouse during marriage is community property. A.R.S. § 25-211. That presumption can be rebutted with clear and convincing evidence. *Bender v. Bender*, 123 Ariz. 90, 93 (Ariz. App. 1979). At this point, the defendant-debtor's wife has not provided and the government does not have sufficient evidence to know how the Vantage West IRA account should be characterized. The government seeks additional discovery to address this issue.

**Potential Tax Liability Is Not An Allowable Exemption to Garnishment**

The defendant-debtor filed his opposition to the disbursement of seized funds primarily arguing that any tax consequences he may have if the government liquidates his account should be accounted for in the garnishment. (Doc. 101, pp. 2-3). The defendant cites no legal support for his position. While courts have, at times, held out money from garnishments of investment accounts in anticipation of tax liabilities, there is no exemption

from garnishment that requires it. *See e.g. United States v. Sandra Stevens*, CR-10-797-PHX-ROS (Doc. 398); 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334. A judgment-debtor with a restitution judgment debt can obtain relief from garnishment on only two bases (1) a valid exemption or (2) the government's failure to comply with the statutory requirements for the garnishment process. 28 U.S.C § 3202(d); *see also United States v. Webb*, No. CR-10-1071-PHX-JAT (LOA), 2014 WL 2153954, at *4 (D. Ariz. May 15, 2014). The defendant does not allege the government failed to comply with the statutory requirements and a request to withhold monies for potential tax liabilities is not a valid exemption.

**Relief Requested**

If the parties do not resolve the pending opposition motion with a settlement, the government requests an additional 60 days to conduct discovery.

RESPECTFULLY submitted this 7th day of January, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Lori L. Price*

LORI L. PRICE
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 7th day of January, 2020, to:

Thomas E. Higgins, Jr., Esq.
Attorney for Defendant Peter Pierides

Michael Brown, Esq.
Attorney for Vicki Lynn Treese